1  DAVID J. DOW, Bar No. 179407
   HILARY J. VREM, Bar No. 233956
2  LITTLER MENDELSON
   A Professional Corporation
3  501 W. Broadway, Suite 900
   San Diego, CA 92101.3577
4  Telephone:   619.232.0441
   Facsimile:   619.232.4302
5  email:       ddow@littler.com

6  Attorneys for Defendant
   ACCESS NURSES, INC.
7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10  KARLA MARIA OROZCO            Case No. 08 CV 0172 W JMA
    VILLALOBOS,
11                               **DEFENDANT ACCESS NURSES, INC.'S**
                 Plaintiff,      **ANSWER TO PLAINTIFF KARLA MARIA**
12                               **OROZCO VILLALOBOS' COMPLAINT**

13       v.

14  ACCESS NURSES, INC. a California
    Corporation,
15
                 Defendant.
16

17       Defendant ACCESS NURSES, INC. ("Defendant") answers the Civil Complaint

18  ("Complaint") filed by Plaintiff KARLA MARIA OROZCO VILLALOBOS ("Plaintiff"), as set

19  forth below:

20                            **PARTIES**

21       1.    In answering the allegations of Paragraph 1 of the Complaint, Defendant is

22  without sufficient knowledge or information sufficient to form a belief as to the truth of the

23  allegations contained in said paragraph, and on that basis denies generally and specifically each and

24  every allegation contained therein.

25       2.    In answering the allegations of Paragraph 2 of the Complaint, Defendant is

26  without sufficient knowledge or information sufficient to form a belief as to the truth of the

27  allegations contained in said paragraph, and on that basis denies generally and specifically each and

28  every allegation contained therein.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 08 CV 0172 W JMA                    DEFENDANT ACCESS NURSES, INC.'S
                                             ANSWER TO PLAINTIFF'S COMPLAINT

3.      In answering the allegations of Paragraph 3 of the Complaint, Defendant admits that its principal place of business is at 5935 Cornerstone Court West, Third Floor, San Diego, California 92121.  Except as so expressly admitted, Defendant denies generally and specifically each and every remaining allegation contained in Paragraph 4.

4.      In answering the allegations of Paragraph 4 of the Complaint, Defendant admits that it is engaged in the business of employing qualified physical therapists.  Except as so expressly admitted, Defendant denies generally and specifically each and every remaining allegation in Paragraph 4.

## JURISDICTION AND VENUE

5.      In answering the allegations of Paragraph 5 of the Complaint, the allegations are jurisdictional and as such require no response.  However, to the extent a response is required, Defendant denies generally and specifically each and every remaining allegation in Paragraph 5.

6.      In answering the allegations in Paragraph 6 of the Complaint, the allegations are jurisdictional and as such require no response.  However, to the extent a response is required, Defendant admits that it conducts business in this judicial district.  Except as so expressly admitted, Defendant denies generally and specifically each and every remaining allegation in Paragraph 6.

7.      In answering the allegations in Paragraph 7 of the Complaint, Defendant admits that venue is proper in this judicial district.  Except as so expressly admitted, Defendant denies generally and specifically each and every remaining allegation in Paragraph 7.

## CASE OVERVIEW

8.      In answering the allegations of Paragraph 8 of the Complaint, Defendant admits that in or around 2006, Defendant recruited Plaintiff and entered into a sponsorship agreement with Plaintiff.  Except as so expressly admitted, Defendant denies generally and specifically each and every remaining allegation in Paragraph 8.

9.      In answering the allegations set forth in Paragraph 9 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

10.     In answering the allegations set forth in Paragraph 10 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101 3577
619.232.0441

CASE NO. 08 CV 0172 W JMA                    2.          DEFENDANT ACCESS NURSES, INC.'S
                                                         ANSWER TO PLAINTIFF'S COMPLAINT

1    11. In answering the allegations set forth in Paragraph 11 of the Complaint,

2 Defendant admits that it has maintained that Plaintiff is "in status." Except as so expressly admitted,

3 Defendant denies generally and specifically each and every remaining allegation in Paragraph 11.

4    12. In answering the allegations set forth in Paragraph 12 of the Complaint,

5 Defendant denies generally and specifically each and every allegation contained therein.

6    13. In answering the allegations set forth in Paragraph 13 of the Complaint,

7 Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of

8 the allegations contained in said paragraph, and on that basis denies generally and specifically each

9 and every allegation contained therein.

10          **FACTS OF THE CASE**

11    14. In answering the allegations set forth in Paragraph 14 of the Complaint,

12 Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of

13 the allegations contained in said paragraph, and on that basis denies generally and specifically each

14 and every allegation contained therein.

15    15. In answering the allegations set forth in Paragraph 15 of the Complaint,

16 Defendant admits that it made efforts to recruit Plaintiff.  Except as so expressly admitted,

17 Defendant denies generally and specifically each and every remaining allegation in Paragraph 15.

18    16. In answering the allegations set forth in Paragraph 16 of the Complaint,

19 Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of

20 the allegations contained in said paragraph, and on that basis denies generally and specifically each

21 and every allegation contained therein.

22    17. In answering the allegations set forth in Paragraph 17 of the Complaint,

23 Defendant denies generally and specifically each and every allegation contained therein.

24    18. In answering the allegations set forth in Paragraph 18 of the Complaint,

25 Defendant denies generally and specifically each and every allegation contained therein.

26    19. In answering the allegations set forth in Paragraph 19 of the Complaint,

27 Defendant denies generally and specifically each and every allegation contained therein.

28 / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

CASE NO. 08 CV 0172 W JMA   3.   DEFENDANT ACCESS NURSES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

20.     In answering the allegations set forth in Paragraph 20 of the Complaint, Defendant admits it provided Plaintiff with a proposed contract outlining the duties and responsibilities of the respective parties.   Except as so expressly admitted, Defendant denies generally and specifically each and every remaining allegation in Paragraph 20.

21.     In answering the allegations set forth in Paragraph 21 of the Complaint, Defendant admits that Jennifer Culbertson communicated with Plaintiff.  Except as so expressly admitted, Defendant denies generally and specifically each and every remaining allegation in Paragraph 21.

22.     In answering the allegations set forth in Paragraph 22 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies generally and specifically each and every allegation contained therein.

23.     In answering the allegations set forth in Paragraph 23 of the Complaint, Defendant admits that Plaintiff signed a contract on or about September 6, 2006.  Except as so expressly admitted, Defendant denies generally and specifically each and every remaining allegation in Paragraph 23.

24.     In answering the allegations set forth in Paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies generally and specifically each and every allegation contained therein.

25.     In answering the allegations set forth in Paragraph 25 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

26.     In answering the allegations set forth in Paragraph 26 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies generally and specifically each and every allegation contained therein.

27.     In answering the allegations set forth in Paragraph 27 of the Complaint, Defendant admits that it worked with Plaintiff to assemble necessary information for submitting

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

CASE NO. 08 CV 0172 W JMA                4.              DEFENDANT ACCESS NURSES, INC.'S
                                                        ANSWER TO PLAINTIFF'S COMPLAINT

1  Plaintiff's immigration paperwork. Except as so expressly admitted, Defendant denies generally and
2  specifically each and every remaining allegation in Paragraph 27.

3        28.    In answering the allegations set forth in Paragraph 28 of the Complaint,
4  Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of
5  the allegations contained in said paragraph, and on that basis denies generally and specifically each
6  and every allegation contained therein.

7        29.    In answering the allegations set forth in Paragraph 29 of the Complaint,
8  Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of
9  the allegations contained in said paragraph, and on that basis denies generally and specifically each
10  and every allegation contained therein.

11        30.    In answering the allegations set forth in Paragraph 30 of the Complaint,
12  Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of
13  the allegations contained in said paragraph, and on that basis denies generally and specifically each
14  and every allegation contained therein.

15        31.    In answering the allegations set forth in Paragraph 31 of the Complaint,
16  Defendant admits that USCIS returned the I-485 application by letter dated January 18, 2007.
17  Except as so expressly admitted, Defendant denies generally and specifically each and every
18  remaining allegation in Paragraph 31.

19        32.    In answering the allegations set forth in Paragraph 32 of the Complaint,
20  Defendant denies generally and specifically each and every allegation contained therein.

21        33.    In answering the allegations set forth in Paragraph 33 of the Complaint,
22  Defendant admits that it advised Plaintiff that she was "in status." Except as so expressly admitted,
23  Defendant denies generally and specifically each and every remaining allegation in Paragraph 33.

24        34.    In answering the allegations set forth in Paragraph 34 of the Complaint,
25  Defendant denies generally and specifically each and every allegation contained therein.

26        35.    In answering the allegations set forth in Paragraph 35 of the Complaint,
27  Defendant denies generally and specifically each and every allegation contained therein.

28  / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

CASE NO. 08 CV 0172 W JMA       5.       DEFENDANT ACCESS NURSES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

1        36.     In answering the allegations set forth in Paragraph 36 of the Complaint,

2  Defendant denies generally and specifically each and every allegation contained therein.

3        37.     In answering the allegations set forth in Paragraph 37 of the Complaint,

4  Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of

5  the allegations contained in said paragraph, and on that basis denies generally and specifically each

6  and every allegation contained therein.

7        38.     In answering the allegations set forth in Paragraph 38 of the Complaint,

8  Defendant denies generally and specifically each and every allegation contained therein.

9        39.     In answering the allegations set forth in Paragraph 39 of the Complaint,

10  Defendant admits it submitted an I-485 and I-765 form for Plaintiff on or about August 6, 2007.

11  Except as so expressly admitted, Defendant denies generally and specifically each and every

12  allegation contained in Paragraph 39.

13        40.     In answering the allegations set forth in Paragraph 40 of the Complaint,

14  Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of

15  the allegations contained in said paragraph, and on that basis denies generally and specifically each

16  and every allegation contained therein.

17        41.     In answering the allegations set forth in Paragraph 41 of the Complaint,

18  Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of

19  the allegations contained in said paragraph, and on that basis denies generally and specifically each

20  and every allegation contained therein.

21        42.     In answering the allegations set forth in Paragraph 42 of the Complaint,

22  Defendant admits it received written correspondence from Plaintiff's counsel on or about November

23  15, 2007.  Except as so expressly admitted, Defendant denies generally and specifically each and

24  every allegation contained in Paragraph 42.

25        43.     In answering the allegations set forth in Paragraph 43 of the Complaint,

26  Defendant admits that it confirmed it had not retained immigration counsel.  Except as so expressly

27  admitted, Defendant denies generally and specifically each and every allegation contained in

28  Paragraph 43.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

CASE NO. 08 CV 0172 W JMA          6.         DEFENDANT ACCESS NURSES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

44.     In answering the allegations set forth in Paragraph 44 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies generally and specifically each and every allegation contained therein.

45.     Answering the allegations set forth in Paragraph 45 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

46.     In answering the allegations set forth in Paragraph 46 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

### The Access Contract Entitled "Access Nurses Sponsorship Agreement"

47.     In answering the allegations set forth in Paragraph 47 of the Complaint, Defendant admits that Plaintiff signed a document titled "Access Nurses Sponsorship Agreement" on or about September 6, 2006.  Except as so expressly admitted, Defendant denies each and every allegation contained in Paragraph 47.

48.     In answering the allegations set forth in Paragraph 48 of the Complaint, Defendant admits the allegations of said Paragraph.

49.     In answering the allegations set forth in Paragraph 49 of the Complaint, Defendant admits the Sponsorship Agreement provided that Defendant would cover various post-contracting costs incurred in relation to Plaintiff's visa application process and/or after Plaintiff commenced employment with Defendant.  Except as so expressly admitted, Defendant denies generally and specifically each and every allegation contained in Paragraph 49.

50.     In answering the allegations set forth in Paragraph 50 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

51.     In answering the allegations set forth in Paragraph 51 of the Complaint, Defendant admits the allegations contained therein.

52.     In answering the allegations set forth in Paragraph 52 of the Complaint, Defendant admits the allegations contained therein.

53.     In answering the allegations set forth in Paragraph 53 of the Complaint, Defendant admits the allegations contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

CASE NO. 08 CV 0172 W JMA                    7.                    DEFENDANT ACCESS NURSES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

54.    In answering the allegations set forth in Paragraph 54 of the Complaint, Defendant admits the allegations contained therein.

55.    In answering the allegations set forth in Paragraph 55 of the Complaint, Defendant denies generally and specifically the allegations contained therein.

56.    In answering the allegations set forth in Paragraph 56 of the Complaint, Defendant admits the allegations contained therein.

57.    In answering the allegations set forth in Paragraph 57 of the Complaint, Defendant admits the allegations contained therein.

58.    In answering the allegations set forth in Paragraph 58 of the Complaint, Defendant admits the allegations contained therein.

59.    In answering the allegations set forth in Paragraph 59 of the Complaint, Defendant admits the allegations contained therein.

60.    In answering the allegations set forth in Paragraph 60 of the Complaint, Defendant admits the allegations contained therein.

61.    In answering the allegations set forth in Paragraph 61 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

62.    In answering the allegations set forth in Paragraph 62 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

## COUNT 1

### (Breach of Contract)

63.    In answering the allegations set forth in Paragraph 63 of the Complaint, Defendant incorporates by reference each and every answer to Paragraphs 1-62 as though fully set forth herein.

64.    In answering the allegations set forth in Paragraph 64 of the Complaint, Defendant admits the allegations contained therein.

65.    In answering the allegations set forth in Paragraph 65 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

CASE NO. 08 CV 0172 W JMA                8.                DEFENDANT ACCESS NURSES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

1    66.    In answering the allegations set forth in Paragraph 66 of the Complaint,

2  Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of

3  the allegations contained in said paragraph, and on that basis denies generally and specifically each

4  and every allegation contained therein.

### COUNT 2

**(Fraudulent Concealment)**

7    67.    In answering the allegations set forth in Paragraph 67 of the Complaint,

8  Defendant incorporates by reference each and every answer to Paragraphs 1-66 as though fully set

9  forth herein.

10    68.    In answering the allegations set forth in Paragraph 68 of the Complaint,

11  Defendant denies generally and specifically each and every allegation contained therein.

12    69.    In answering the allegations set forth in Paragraph 69 of the Complaint,

13  Defendant denies generally and specifically each and every allegation contained therein.

14    70.    In answering the allegations set forth in Paragraph 70 of the Complaint,

15  Defendant denies generally and specifically each and every allegation contained therein.

16    71.    In answering the allegations set forth in Paragraph 71 of the Complaint,

17  Defendant denies generally and specifically each and every allegation contained therein.

18    72.    In answering the allegations set forth in Paragraph 72 of the Complaint,

19  Defendant denies generally and specifically each and every allegation contained therein.

20    73.    In answering the allegations set forth in Paragraph 73 of the Complaint,

21  Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of

22  the allegations contained in said paragraph, and on that basis denies generally and specifically each

23  and every allegation contained therein.

### COUNT 3

**(Breach of Fiduciary Duty)**

26    74.    In answering the allegations set forth in Paragraph 74 of the Complaint,

27  Defendant incorporates by reference each and every answer to Paragraphs 1-73 as though fully set

28  forth herein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

CASE NO. 08 CV 0172 W JMA                9.                DEFENDANT ACCESS NURSES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

75. In answering the allegations set forth in Paragraph 75 of the Complaint, Defendant admits the parties entered into a Sponsorship Agreement in the fall of 2006. Except as so expressly admitted, Defendant denies generally and specifically each and every allegation of Paragraph 75.

76. In answering the allegations set forth in Paragraph 76 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

77. In answering the allegations set forth in Paragraph 77 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies generally and specifically each and every allegation contained therein.

## COUNT 4

### (Misrepresentation/Intentional/Negligence/Strict Liability)

78. In answering the allegations set forth in Paragraph 78 of the Complaint, Defendant incorporates by reference each and every answer to Paragraphs 1-77 as though fully set forth herein.

79. In answering the allegations set forth in Paragraph 79 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

80. In answering the allegations set forth in Paragraph 80 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

81. In answering the allegations set forth in Paragraph 81 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

82. In answering the allegations set forth in Paragraph 82 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

83. In answering the allegations set forth in Paragraph 83 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

84. In answering the allegations set forth in Paragraph 84 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

///

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

CASE NO. 08 CV 0172 W JMA                    10.                    DEFENDANT ACCESS NURSES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

1    85.    In answering the allegations set forth in Paragraph 85 of the Complaint,

2    Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of

3    the allegations contained in said paragraph, and on that basis denies generally and specifically each

4    and every allegation contained therein.

5    **COUNT 5**

6    **(Action Under Business and Professions Code Division 8, Chapter 19.5, § 22446.5)**

7    86.    In answering the allegations set forth in Paragraph 86 of the Complaint,

8    Defendant incorporates by reference each and every answer to Paragraphs 1-85 as though fully set

9    forth herein.

10    87.    In answering the allegations set forth in Paragraph 87 of the Complaint,

11    Defendant denies generally and specifically each and every allegation contained therein.

12    88.    In answering the allegations set forth in Paragraph 88 of the Complaint,

13    Defendant denies generally and specifically each and every allegation contained therein.

14    89.    In answering the allegations set forth in Paragraph 89 of the Complaint,

15    Defendant denies generally and specifically each and every allegation contained therein.

16    90.    In answering the allegations set forth in Paragraph 90 of the Complaint,

17    Defendant denies generally and specifically each and every allegation contained therein.

18    91.    In answering the allegations set forth in Paragraph 91 of the Complaint,

19    Defendant denies generally and specifically each and every allegation contained therein.

20    92.    In answering the allegations set forth in Paragraph 92 of the Complaint,

21    Defendant denies generally and specifically each and every allegation contained therein.

22    93.    In answering the allegations set forth in Paragraph 93 of the Complaint,

23    Defendant denies generally and specifically each and every allegation contained therein.

24    94.    In answering the allegations set forth in Paragraph 94 of the Complaint,

25    Defendant admits that it is not listed on the Secretary of State's website at

26    http://www.sos.ca.gov/business/sf/sf_contacts.htm.    Except as so expressly admitted, Defendant

27    denies generally and specifically each and every remaining allegation contained in Paragraph 94.

28    / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

CASE NO. 08 CV 0172 W JMA                11.        DEFENDANT ACCESS NURSES, INC.'S
                                                   ANSWER TO PLAINTIFF'S COMPLAINT

95.    In answering the allegations set forth in Paragraph 95 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

96.    In answering the allegations set forth in Paragraph 96 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

97.    In answering the allegations set forth in Paragraph 97 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

98.    In answering the allegations set forth in Paragraph 98 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

99.    In answering the allegations set forth in Paragraph 99 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

100.    In answering the allegations set forth in Paragraph 100 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

101.    In answering the allegations set forth in Paragraph 101 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

102.    In answering the allegations set forth in Paragraph 102 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

103.    In answering the allegations set forth in Paragraph 103 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

104.    In answering the allegations set forth in Paragraph 104 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

105.    In answering the allegations set forth in Paragraph 105 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

106.    In answering the allegations set forth in Paragraph 106 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

107.    In answering the allegations set forth in Paragraph 107 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

108.    In answering the allegations set forth in Paragraph 108 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

CASE NO. 08 CV 0172 W JMA                    12.                    DEFENDANT ACCESS NURSES, INC.'S
                                                                    ANSWER TO PLAINTIFF'S COMPLAINT

109.    In answering the allegations set forth in Paragraph 109 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

110.    In answering the allegations set forth in Paragraph 110 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

111.    In answering the allegations set forth in Paragraph 111 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

112.    In answering the allegations set forth in Paragraph 112 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

113.    In answering the allegations set forth in Paragraph 113 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

114.    In answering the allegations set forth in Paragraph 114 of the Complaint, the allegations are statements of intent and as such require no response. To the extent the allegations in Paragraph 114 require a response, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies generally and specifically each and every allegation contained therein.

115.    In answering the allegations set forth in Paragraph 115 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies generally and specifically each and every allegation contained therein.

116.    In answering the allegations set forth in Paragraph 116 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

117.    In answering the allegations set forth in Paragraph 117 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies generally and specifically each and every allegation contained therein.

/ / /

/ / /

/ / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

CASE NO. 08 CV 0172 W JMA                    13.                    DEFENDANT ACCESS NURSES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

1

## COUNT 6

2

**(Unfair Business Practice, Other)**

3        118.    In answering the allegations set forth in Paragraph 118 of the Complaint,

4    Defendant incorporates by reference each and every answer to Paragraphs 1-117 as though fully set

5    forth herein.

6        119.    In answering the allegations set forth in Paragraph 119 of the Complaint,

7    Defendant denies generally and specifically each and every allegation contained therein.

8        120.    In answering the allegations set forth in Paragraph 120 of the Complaint,

9    Defendant denies generally and specifically each and every allegation contained therein.

10       121.    In answering the allegations set forth in Paragraph 121 of the Complaint,

11   Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of

12   the allegations contained in said paragraph, and on that basis denies generally and specifically each

13   and every allegation contained therein.

14

## COUNT 7

15

**(Consumer Legal Remedies Act)**

16       122.    In answering the allegations set forth in Paragraph 122 of the Complaint,

17   Defendant incorporates by reference each and every answer to Paragraphs 1-121 as though fully set

18   forth herein.

19       123.    In answering the allegations set forth in Paragraph 123 of the Complaint,

20   Defendant denies generally and specifically each and every allegation contained therein.

21       124.    In answering the allegations set forth in Paragraph 124 of the Complaint,

22   Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of

23   the allegations contained in said paragraph, and on that basis denies generally and specifically each

24   and every allegation contained therein.

25   / / /

26   / / /

27   / / /

28   / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 08 CV 0172 W JMA                    14.                    DEFENDANT ACCESS NURSES, INC.'S
                                                                    ANSWER TO PLAINTIFF'S COMPLAINT

1

## COUNT 8

## (Unlawful Practice of Law)

125.    In answering the allegations set forth in Paragraph 125 of the Complaint, Defendant incorporates by reference each and every answer to Paragraphs 1-124 as though fully set forth herein.

126.    In answering the allegations set forth in Paragraph 126 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

127.    In answering the allegations set forth in Paragraph 127 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies generally and specifically each and every allegation contained therein.

## COUNT 9

## (Violation of Employment Agency Regulations)

128.    In answering the allegations set forth in Paragraph 128 of the Complaint, Defendant incorporates by reference each and every answer to Paragraphs 1-127 as though fully set forth herein.

129.    In answering the allegations set forth in Paragraph 129 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

130.    In answering the allegations set forth in Paragraph 130 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

131.    In answering the allegations set forth in Paragraph 131 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

132.    In answering the allegations set forth in Paragraph 132 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

133.    In answering the allegations set forth in Paragraph 133 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

134.    In answering the allegations set forth in Paragraph 134 of the Complaint, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

CASE NO. 08 CV 0172 W JMA                    15.         DEFENDANT ACCESS NURSES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

1  the allegations contained in said paragraph, and on that basis denies generally and specifically each

2  and every allegation contained therein.

3  **PRAYER FOR RELIEF**

4  The allegations set forth on page 19 of the Complaint and lettered as paragraphs A-E

5  are requests for relief and as such require no response.  However, to the extent a response is

6  required, Defendants submits Plaintiff is not entitled to the relief sought.

7  **ADDITIONAL AND AFFIRMATIVE DEFENSES**

8  1.    As a separate and distinct affirmative defense, Defendant alleges that

9  Plaintiff's claims fail, in whole or in part, for failure to state a claim upon which relief may be

10  granted.

11  2.    As a separate and distinct affirmative defense, Defendant alleges that

12  Plaintiff's claims fail, in whole or in part, for lack of standing.

13  3.    As a separate and distinct affirmative defense, Defendant alleges that the

14  Complaint, and each and every cause of action alleged therein, are barred by the Statue of

15  Limitations set forth in California Code of Civil Procedure sections 335.1, 338, and 338, California

16  Civil Code section 1783, and any other applicable statute of limitations.

17  4.    As a separate and distinct affirmative defense, Defendant alleges Plaintiff by

18  her own acts and/or omissions, has waived any rights to recover against Defendant.

19  5.    As a separate and distinct affirmative defense, Defendant alleges that each

20  purported cause of action in the Complaint, or some of the causes of action, are barred, or recovery

21  should be reduced, pursuant to the doctrine of avoidable consequences.

22  6.    As a separate and distinct affirmative defense, Defendant alleges Plaintiff's

23  complaint is uncertain and ambiguous as to Plaintiff's claim for damages against Defendant.

24  7.    As a separate and distinct affirmative defense, Defendant alleges Plaintiff's

25  complaint fails to state facts sufficient to constitute a cause of action.

26  8.    As a separate and distinct affirmative defense, Defendant alleges that

27  Defendant is not liable for Plaintiff's alleged damages because, if any person or entity engaged in

28

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

CASE NO. 08 CV 0172 W JMA                      16.          DEFENDANT ACCESS NURSES, INC.'S
                                                            ANSWER TO PLAINTIFF'S COMPLAINT

1  intentional, willful, negligent or unlawful conduct as alleged in the Complaint, he/she/it did so
2  without the knowledge, authorization, or ratification of Defendant.

3      9.    As a separate and distinct affirmative defense, Defendant alleges that
4  Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex.*

5      10.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff
6  has failed, refused and/or neglected to mitigate or avoid the damages complained of in the
7  Complaint, if any.

8      11.    As a separate and distinct affirmative defense, Defendant alleges that
9  Plaintiff's claims may be barred, in whole or in part, by the doctrines of estoppel, laches, or unclean
10  hands.

11      12.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff
12  did not exercise due caution or care with respect to the matters alleged in the Complaint and that if,
13  in fact, Plaintiff suffered any damage or injury, Plaintiff contributed in whole or in part to such
14  damage or injury, and that, therefore, any remedy or recovery to which Plaintiff might otherwise be
15  entitled must be denied or reduced accordingly.

16      13.    As a separate and distinct affirmative defense, Defendant alleges that the
17  Complaint and each and every cause of action alleged therein are barred in that, at all relevant times,
18  Defendant acted reasonably and in good faith, based upon relevant facts and circumstances known to
19  it and the time it acted, if at all.

20      14.    As a separate and distinct affirmative defense, Defendant alleges that if any
21  damages or injuries were in fact suffered by Plaintiff, such damages or injuries must be reduced or
22  diminished by amounts received or receivable by Plaintiff in the exercise of reasonable diligence as
23  income or in lieu of earned income, or in satisfaction any liability owed by or on behalf of
24  Defendant in this action.

25      15.    As a separate and distinct affirmative defense, Defendant alleges that any
26  obligation or duty, contractual or otherwise, which Plaintiff claims is owed her has been fully
27  performed, satisfied and/or discharged.

28  / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 08 CV 0172 W JMA                17.        DEFENDANT ACCESS NURSES, INC.'S
                                                    ANSWER TO PLAINTIFF'S COMPLAINT

16.     As a separate and distinct affirmative defense, Defendant alleges that with respect to Plaintiff's contractual claims there has been a failure of consideration.

17.     As a separate and distinct affirmative defense, Defendant alleges that its performance under the contract was impossible and/or unlawful.

18.     As a separate and distinct affirmative defense, Defendant alleges that the contract has been modified.

19.     As a separate and distinct affirmative defense, Defendant alleges that the terms of the contract are too uncertain and ambiguous to be enforced.

20.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's contractual claims are barred as Plaintiff committed a prior material breach.

21.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's damages, if any, were caused solely by Plaintiff's own breach of the contract which is the subject of this action.

22.     As a separate and distinct affirmative defense, Defendant alleges Plaintiff's complaint fails to allege facts sufficient to entitle Plaintiff to recover attorney's fees in the prosecution of this action against Defendant.

23.     As a separate and distinct affirmative defense, Defendants are informed and believe, and on that basis allege that the Complaint, and each claim for relief asserted therein, is barred by the doctrine of accord and satisfaction.

24.     As a separate and affirmative defense, any loss or damage alleged by Plaintiff was and is attributable to causes other than conduct of, or chargeable to, Defendant.

25.     As a separate and affirmative defense, Defendant is informed and believes, and based thereon alleges, that each of the incidents and transactions referred to or described in the Complaint, and any and all injuries or damages, if any, sustained there from, were proximately caused, in whole or in part, by the fault, breach of conduct and/or other misconduct of and/or chargeable to Plaintiff. As a result thereof, Plaintiff's recovery, if any, should be reduced by an amount proportionate to the amount by which the fault, breach of contract and/or other misconduct of and/or chargeable to Plaintiff contributed to any and all injuries and damages sustained there

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

CASE NO. 08 CV 0172 W JMA                    18.          DEFENDANT ACCESS NURSES, INC.'S
                                                          ANSWER TO PLAINTIFF'S COMPLAINT

1    from.  To the extent Plaintiff has suffered any injury, such injury was caused in whole or in part by

2    the actions and contributory or comparative fault of Plaintiff and her agents, and any recovery by

3    Plaintiff must be reduced or denied accordingly.

4         26.    As a separate and affirmative defense, if it should be found that Defendant is

5    in any manner legally responsible for injuries or damages, if any, sustained by Plaintiff, then any

6    such injuries or damages found to have been incurred or suffered by Plaintiff in this action were

7    proximately contributed to by other persons or entities.  Accordingly, it is necessary that the

8    proportionate degree of fault of each such person or entity be determined and compared so that as

9    between Defendant, Plaintiff, third parties, or any of them, pay only that amount of damages caused

10    by their respective own fault, if any, and if Defendant is not so liable (and Defendant alleges that it is

11    not liable), all other such persons or entities should pay all of said judgment, if any.

12         27.    As a separate and affirmative defense, Plaintiff's claims, and each of them, are

13    barred, in whole or in part, because Defendant did not act with the requisite degree of intent or fault.

14         28.    As a separate and affirmative defense, no relief may be obtained under the

15    Complaint by reasons of Plaintiff's failure to do equity in matters relevant to Plaintiff's Complaint.

16         29.    As a separate and affirmative defense, any award of punitive or exemplary

17    damages to Plaintiff would violate the constitutional rights of Defendant under the provisions of the

18    United States and California Constitutions, including but not limited to the Due Process Clause of

19    the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of

20    the California Constitution because, among other things, (1) an award of punitive or exemplary

21    damages would be grossly out of proportion to the alleged wrongful conduct and purported injury at

22    issue here; (2) the alleged wrongful conduct at issue here is not sufficiently reprehensible to warrant

23    the imposition of any punitive or exemplary damages; and (3) the criteria for the imposition of

24    punitive or exemplary damages are unconstitutionally vague and uncertain and fail to provide fair

25    notice of what conduct will result in the imposition of such damages.

26         30.    As a separate and affirmative defense, without conceding that any act of

27    Defendant caused damage to Plaintiff or to any other person in any respect, Defendant alleges that it

28    is entitled to offset and recoup against any judgment that may be entered against it all obligations of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

CASE NO. 08 CV 0172 W JMA        19.        DEFENDANT ACCESS NURSES, INC.'S
                                            ANSWER TO PLAINTIFF'S COMPLAINT

1    the Plaintiff owing to the Defendant, and all amounts otherwise recovered by Plaintiff for said

2    claims. Offset and recoupment are appropriate by reason of Plaintiffs breaches of contract, violation

3    of the covenant of good faith and fair dealing, and other conduct both wrongful and otherwise.

4         31.    As a separate and affirmative defense, Plaintiff is not entitled to recover any

5    punitive damages because the Complaint and each claim set forth therein fail to plead facts sufficient

6    to support the recovery of punitive damages.

7         32.    As a separate and distinct affirmative defense, Defendant alleges that it may

8    have additional defenses that cannot be articulated due to Plaintiff's failure to particularize her

9    claims, due to the fact that Defendant does not have copies of certain documents bearing on

10   Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the

11   nature of the damage claims and claims for certain costs which Plaintiff alleges that Defendant may

12   share some responsibility.  Defendant therefore reserves the right to assert additional defenses upon

13   further particularization of Plaintiff's claims, upon examination of the documents provided, upon

14   discovery of further information concerning the alleged damage claims and claims for cost and upon

15   the development of other pertinent information.

16        33.    As a separate and distinct affirmative defense, Defendant alleges Defendant

17   reserves the right to assert additional defenses or claims, which may become known during the

18   course of discovery.

19        WHEREFORE Defendant ACCESS NURSES, INC. respectfully requests that this

20   Court:  (a) dismiss Plaintiff's Complaint with prejudice; (b) deny Plaintiff's demands and prayer for

21   relief; (c) award Defendant costs and reasonable attorney's fees incurred in defense of this action;

22   and (d) grant such other and further relief as the Court deems just and proper.

23   Dated: March  17 , 2008

24

25                                              DAVID J. DOW
                                                HILARY J. VREM
26                                              LITTLER MENDELSON
                                                Attorneys for Defendant
27                                              ACCESS NURSES, INC.

28   Firmwide:84426341.1 048167.1000

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

CASE NO. 08 CV 0172 W JMA                    20.        DEFENDANT ACCESS NURSES, INC.'S
                                                        ANSWER TO PLAINTIFF'S COMPLAINT

1 | *Karla Maria Orozco Villalobos v. Access Nurses*
U.S. District Court, Southern District – San Diego
2 | Case No. 08 CV 0172 W (JMA)

3

4

## DECLARATION OF SERVICE

5

6 | I, MAXINE HORTON, declare:

7 | I am, and was at the time of service of the papers herein referred to, over the age of

8 | 18 years, and not a party to this action. I am employed in the office of a member of the bar of this

9 | Court at whose direction the service was made. My business address is 501 West Broadway,

10 | Suite 900, San Diego, California 92101.

11 | On March 17, 2008, I served the following document(s):

12 | **DEFENDANT ACCESS NURSES, INC.'S ANSWER TO PLAINTIFF KARLA MARIA OROZCO VILLALOBOS' COMPLAINT**

13

14 | on the parties in this action addressed as follows:

15 | Dawn M. Korver                              Attorneys for Plaintiff
Liebmann, Conway, Olejniczak & Jerry, S.C.   KARLA MARIA OROZCO VILLALOBOS
16 | 231 South Adams Street
Green Bay, Wisconsin 54301
17 | Telephone: (920) 437-0476
Facsimile: (920) 437-2868
18 | email: dmk@lcojlaw.com

19

20 | **BY U.S. MAIL:** I placed a true and correct copy of the above document(s) in a sealed envelope, addressed as indicated above. I am readily familiar with the firm's practice of collection and
21 | processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed
22 | invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

23

24 | I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on March 17, 2008 at San Diego,
25 | California.

26 | *Maxine Horton*
MAXINE HORTON

27

28 | Firmwide:84603754.1 048167.1008

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. BROADWAY
SUITE 900
SAN DIEGO, CA 92101-3577
619.232.0441

Case No. 08CV 0172 W (JMA)

DECLARATION OF SERVICE