UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA MARIA OROZCO VILLALOBOS, ) | Case No. 08-CV-0172-W (JMA) |
| ) | |
| Plaintiff, ) | **CASE MANAGEMENT CONFERENCE** |
| ) | **ORDER REGULATING DISCOVERY AND** |
| v. ) | **OTHER PRETRIAL PROCEEDINGS AND** |
| ) | **DISCOVERY RULINGS** |
| ACCESS NURSES, INC., etc., ) | |
| ) | (Fed. R. Civ. P. 16) |
| Defendants. ) | (Local Rule 16.1) |
| ) | (Fed. R. Civ. P. 26) |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a telephonic Case Management Conference was held on June 25, 2008 at 2:00 p.m. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

**IT IS HEREBY ORDERED:**

1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **August 25, 2008**.

2. A telephonic Case Management Conference shall be held before Magistrate Judge Adler on **September 22, 2008** at **9:30 a.m.**

Counsel for each party shall appear telephonically at this conference. The Court will initiate the conference call.

    3.    Plaintiff shall make all expert disclosures required by Fed. R. Civ. P. 26(a)(2) on or before **August 22, 2008**. Defendant shall make all expert disclosures required by Fed. R. Civ. P. 26(a)(2) on or before **October 24, 2008**. Any contradictory or rebuttal information shall be disclosed by Plaintiff on or before **November 11, 2008.** In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, <u>or</u> whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

    4.    All discovery, other than expert discovery, shall be completed by all parties on or before **December 19, 2008**. All expert discovery shall be completed by all parties on or before **January 16, 2009**. "Completed" means that all discovery under Rules 30 through 36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cutoff date, so that it may be <u>completed</u> by the cutoff date, taking into account the times for service, notice, and response as set forth

in the Federal Rules of Civil Procedure.  **All disputes concerning discovery shall be brought to the attention of Magistrate Judge Adler no later than thirty (30) days following the date upon which the event giving rise to the dispute occurred.  For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition.  For written discovery, the event giving rise to the discovery dispute is the service of the response.  Counsel are required to meet and confer prior to contacting the Court regarding all discovery disputes pursuant to the requirements of Local Rules 16.5(k) and 26.1(a).**

     5.   All motions, other than motions to amend or join parties, or motions in limine, shall be <u>filed</u> on or before **February 2, 2009**.[1]  Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion.  **Be advised that the period of time between the date you request a motion date and the hearing date may be up to sixty (60) days.  Please plan accordingly.**  Failure of counsel to timely request a motion date may result in the motion not being heard.

     Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without such leave of court.

---

[1] Counsel should note that while historically motion cutoff deadlines issued by this Court were deadlines for motion hearings, the motion cutoff dates now being issued establish deadlines for the parties to <u>file</u> motions.

6. Pursuant to Local Rule 7.1(f)(3)(c), **if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the Court**. Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1(f)(3)(c).

7. Should either party choose to file or oppose a motion for summary judgment or partial summary judgment, no Separate Statement of Disputed or Undisputed Facts is required.

8. A Mandatory Settlement Conference shall be conducted on **April 27, 2009** at **10:00 a.m.** in the chambers of Magistrate Judge Adler. Counsel shall submit settlement statements **directly** to Magistrate Judge Adler's chambers no later than **April 20, 2009**.[2] The parties may either submit confidential settlement statements or may exchange their settlement statements. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **The settlement conference briefs shall not be filed with the Clerk of the Court.**

//

---

[2] Statements may be delivered directly to chambers, e-mailed to efile_adler@casd.uscourts.gov, or faxed to (619) 702-9939.

1     **All named parties, all counsel, and any other person(s)**
2 **whose authority is required to negotiate and enter into**
3 **settings shall appear <u>in person at the conference</u>. The**
4 **<u>individual(s) present at the Mandatory Settlement Conference with</u>**
5 **<u>settlement authority must have the unfettered discretion and</u>**
6 **<u>authority on behalf of the party to: 1) fully explore all</u>**
7 **<u>settlement options and to agree during the Mandatory Settlement</u>**
8 **<u>Conference to any settlement terms acceptable to the party (*G.*</u>**
9 **<u>*Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653</u>**
10 **<u>(7th Cir. 1989)), 2) change the settlement position of a party</u>**
11 **<u>during the course of the Mandatory Settlement Conference (*Pitman*</u>**
12 **<u>*v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)),</u>**
13 **<u>and 3) negotiate a settlement without being restricted by any</u>**
14 **<u>predetermined level of authority (*Nick v. Morgan's Foods, Inc.*,</u>**
15 **<u>270 F.3d 590, 596 (8th Cir. 2001)).</u>**
16     Governmental entities may appear through litigation counsel
17 only. As to all other parties, appearance by litigation counsel
18 only is <u>not</u> acceptable. Retained outside corporate counsel <u>shall</u>
19 <u>not</u> appear on behalf of a corporation as the party who has the
20 authority to negotiate and enter into a settlement. **The failure**
21 **of any counsel, party or authorized person to appear at the**
22 **Mandatory Settlement Conference as required will result in the**
23 **immediate imposition of sanctions.** All conference discussions
24 will be informal, off the record, privileged, and confidential.
25     9. If Plaintiff is incarcerated in a penal institution or
26 other facility, the Plaintiff's presence is not required at
27 conferences before Judge Adler, and the Plaintiff may appear by
28 telephone. In that case, defense counsel is to coordinate the

1  Plaintiff's appearance by telephone.
2      10.  The parties must comply with the pretrial disclosure
3  requirements of Fed. R. Civ. P. 26(a)(3) no later than **May 11,**
4  **2009**.
5      11.  Despite the requirements of Local Rule 16.1(f), neither
6  party is required to file Memoranda of Contentions of Fact and
7  Law at any time.  The parties shall instead focus their efforts
8  on complying with their pretrial disclosure requirements under
9  Fed. R. Civ. P. 26(a)(3) and drafting and submitting a proposed
10 pretrial order by the time and date specified in Local Rule
11 16.1(f)(6).
12     12.  Counsel shall confer and take the action required by
13 Local Rule 16.1(f)(4) on or before **May 18, 2009**.
14     13.  The Proposed Final Pretrial Conference Order, including
15 written objections, if any, to any party's Fed. R. Civ. P.
16 26(a)(3) pretrial disclosures, shall be prepared, served, and
17 submitted to the Clerk's Office on or before **May 26, 2009** and
18 shall be in the form prescribed in Local Rule 16.1(f)(6).  Any
19 objections shall comply with the requirements of Fed. R. Civ. P.
20 26(a)(3).  **Please be advised that the failure to file written**
21 **objections to a party's pretrial disclosures may result in the**
22 **waiver of such objections, with the exception of those made**
23 **pursuant to Rules 402 (relevance) and 403 (prejudice, confusion**
24 **or waste of time) of the Federal Rules of Evidence.**
25     14.  In addition to submitting the proposed final pretrial
26 conference order, the parties are further ordered to separately
27 submit informal letter briefs, not exceeding two single spaced
28 pages, served on opposing counsel and received in the chambers of

the Honorable Thomas J. Whelan, United States District Court Judge (and not filed with the Clerk's Office) no later than **May 26, 2009**.

The letter brief should be a relatively informal and straightforward document.  The letter brief should outline a short, concise and objective factual summary of the party's case in chief, the number of hours/days each party intends to expend at trial, the approximate number of witnesses, whether certain witnesses will be coming in from out of town, the number of testifying expert witnesses, whether any unique demonstrative exhibits may be presented, the number of proposed motions in limine that may be filed, precisely when the parties would be prepared to submit their in limine papers (and whether the parties have met and conferred with respect to in limine issues), the issue of proposed jury instructions and when the parties intend to submit them before trial, and voir dire issues, either party's preference as to what date(s) the trial should begin and any other pertinent information that wither party may deem useful to assist the Court in the execution of the pretrial conference and in setting the matter for trial.

15.   The final Pretrial Conference is scheduled on the calendar of the Honorable Thomas J. Whelan on **June 1, 2009** at **10:30 a.m.**  The trial date will be assigned by Judge Whelan at the pretrial conference.

16.   The dates and times set forth herein will not be modified except for good cause shown.

17. Plaintiff's(s') counsel shall serve a copy of this order on all parties that enter this case hereafter.

In addition, Magistrate Judge Adler issued the following discovery rulings during the Case Management Conference:

1. Plaintiff's request for production of Defendant's financial information is DENIED without prejudice. It has yet to be determined whether the Court will find that Defendant acted as an "immigration consultant" in its contractual relationship with Plaintiff, as defined by California law. Even if Defendant is found to have acted as an immigration consultant, it is still questionable whether Defendant would be required to produce the requested financial information pursuant to Cal. Bus. & Prof. Code § 22443(a). Secondly, there is no indication that Defendant's financial information had any bearing whatsoever on the acceptance or rejection of the I-140 Petition and is, therefore, of questionable relevance to the issues in the case. Thirdly, while Defendant's assets, liabilities, and net worth <u>may</u> become relevant for purposes of calculating statutory civil penalties (under Cal. Bus. & Prof. Code § 22445(a)(2), for example), it is premature to require production of that information at this juncture in the case.

2. Plaintiff's request for disclosure of the insurance policy under which Defendant has recently tendered a claim is GRANTED pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv).

3. Defendant corporation shall produce a deponent for oral deposition pursuant to Fed. R. Civ. P. 30(b)(6) <u>not</u>

1    <u>later than August 6, 2008</u>.

2    **IT IS SO ORDERED.**

3  DATED: June 26, 2008

4                                          _____
                                            Jan M. Adler
5                                           U.S. Magistrate Judge