UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA MARIA OROZCO VILLALOBOS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ACCESS NURSES, INC. a California Corporation,<br><br>　　　　Defendant. | Case No. 08 CV 0172 W JMA<br><br>**STIPULATION PROTECTING CONFIDENTIAL INFORMATION; ORDER THEREON** |

WHEREAS Defendant Access Nurses, Inc. ("Defendant") and Plaintiff Karla Maria Orozco Villalobos ("Plaintiff"), through their respective counsel, agree that certain information which the parties may seek to obtain in this action contain or constitute information protected by the right to privacy of Plaintiff, Defendant, and Defendant's current and/or former employees; and

WHEREAS, it is agreed that the disclosure and discovery of such information by the means prescribed in this Stipulation and Order does not constitute a publication of such information,

IT IS HEREBY STIPULATED THAT:

1. In connection with discovery proceedings in this action, the disclosing party may designate any document, thing, material or other information derived therefrom, as "Confidential Information" under the terms of this Stipulation and Order Protecting Confidential Information (hereinafter "Order").

(No. 08 CV 0172 W JMA)　　　　　　　　　　　　　　STIPULATION PROTECTING CONFIDENTIAL
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　INFORMATION; ORDER THEREON

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

2. The term "Confidential Information" as used in this Order means any document, thing, material, testimony or other information concerning parties or non-parties which concerns or relates to financial information, proprietary and trade secret information, personnel records or information, and any conversations, notes, or drafts of documents relating thereto. A party will only make this designation as to information which the party in good faith reasonably believes contains Confidential Information.

3. Documents containing Confidential Information shall be so-designated by placing the legend "CONFIDENTIAL" on each page of the document, or by placing said legend in such other manner as to clearly indicate that the entire document is Confidential Information. In lieu of marking the original documents, the disclosing party may mark the copies of such documents which are produced.

4. The home address and phone numbers of Defendant's former employees identified as witnesses in this litigation shall constitute Confidential Information without being so-identified when disclosed or produced.

5. Material which is Confidential Information under this Order, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential Information, shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose. Neither Plaintiff nor Defendant shall disclose another party's or third party's Confidential Information outside of this litigation.

6. Confidential Information produced pursuant to this Order may be disclosed or made available only to the Court and to the "Qualified Persons" designated below:

a. The parties, counsel of record in this action and employees of such counsel to whom it is necessary that Confidential Information be disclosed;

b. A Court and/or Mediator to whom this case is assigned or sent for consideration, as well as court reporters, provided that all Confidential Information provided to the Court shall be filed under seal pursuant to applicable Court Rule and/or the instruction of the Court;

c. Experts who are retained by the parties for consultation and/or testimony;

(NO. 08 CV 0172 W JMA)     2.     STIPULATION PROTECTING CONFIDENTIAL INFORMATION; ORDER THEREON

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

d. Any other person as to whom the parties agree in writing provided, however, that such consent shall not be unreasonably withheld.

7. For testimony given at a deposition, the party or non-party offering or sponsoring the testimony shall specify any portions of the testimony that qualify as Confidential Information. Transcript pages containing Confidential Information must be separately bound by the court reporter, who shall affix to the top of each such page the legend "CONFIDENTIAL."

8. This Order is entered solely for the purpose of facilitating the exchange of Confidential Information between the parties of this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production or disclosure of any Confidential Information under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or altering the confidentiality or non-confidentiality of any such Confidential Information or altering any existing obligation of any party or the absence thereof. Nothing in this Order shall be deemed as altering the burden of either party in obtaining or preventing the discovery of any information in this action.

9. Subject to public policy, and further court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. If the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information, if any, shall be filed and made part of the public record. The item may be redacted to eliminate confidential material from the document. The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

10. This Order shall survive the termination of this action to the extent the Confidential Information has not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of Confidential Information disclosed hereunder. Within thirty (30) days of termination of this case, counsel for Plaintiff shall assemble and return to counsel for Defendant all documents, material and deposition transcripts designated as, or constituting,

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

(NO. 08 CV 0172 W JMA)   3.   STIPULATION PROTECTING CONFIDENTIAL INFORMATION; ORDER THEREON

Confidential Information and all copies of same, or shall certify the destruction thereof.

Dated: August _____, 2008

```
                                        _____
                                        DAVID J. DOW
                                        HILARY J. VREM
                                        LITTLER MENDELSON
                                        A Professional Corporation
                                        Attorneys for Defendant
                                        ACCESS NURSES, INC.
```

Dated: August _____, 2008

```
                                        _____
                                        DAVID H. WEBER
                                        LIEBMAN, CONWAY, OLENIAK &
                                        JERRY, S.C.
                                        Attorney for Plaintiff
                                        KARLA MARIA OROZCO VILLALOBOS
```

IT IS SO ORDERED:

Dated: _August 11, 2008_

```
                                        _____
                                        JAN M. ADLER
                                        UNITED STATES MAGISTRATE JUDGE
```

(NO. 08 CV 0172 W JMA)                4.         STIPULATION PROTECTING CONFIDENTIAL
                                                 INFORMATION; ORDER THEREON